IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| BURT DEVELOPMENT CO., et. al., | : | |
| Plaintiffs | : | |
| v. | : | 1:05-CV-92 (WLS) |
| BOARD OF COMMISSIONERS LEE COUNTY, GEORGIA, | : | |
| Defendant | : | |

**ORDER**

Before the Court is Defendant's Motion for Summary Judgment. (Doc. 11). For the following reasons, Defendant's Motion for Summary Judgment (Doc. 11) is **GRANTED**.[1]

**DISCUSSION**

**I.  Procedural History**

Plaintiff Hilliard P. Burt filed a rezoning application with Lee County, Georgia, requesting that a 15.262 acre piece of property (hereinafter, "subject property") owned by Plaintiffs be rezoned from its R-1 residential zone to an R-2 single family townhouse zone. (Docs. 1, 13). Defendant Lee County Board of Commissioners voted to deny the rezoning. *Id*. Seeking to have the subject property's current zoning declared invalid or unconstitutional, Plaintiffs brought an action for declaratory judgment in the Superior Court of Lee County, Georgia.

(Doc. 14, Exh. A., <u>Burt Development Co., et. al. v. Lee County, Georgia</u>, Civil Action No. 2003 CV 430 GP, (hereinafter referred to as "Superior Court Action")). The trial in the Superior Court Action was held on December 19, 2003 before the Honorable George M. Peagler, Jr. (Doc. 14, Exh. C). On September 23, 2004, Judge Peagler entered an order denying Plaintiff's

---

[1] The Court finds that the parties have adequately briefed the issues such that a hearing on the subject motion is not necessary to assist the Court in properly adjudicating this matter. Accordingly, Plaintiffs' Request for Oral Argument (Doc. 20) is **DENIED**.

1

complaint for declaratory judgment. (Doc. 14, Exh. D).

Thereafter, Plaintiffs sought appellate review of the adverse Superior Court decision via direct appeal and discretionary appeal. (Doc. 14, Exhs. E, F, J). The Georgia Supreme Court denied both appeals as well as the motions to reconsider said denials of appeal. (Doc. 14, Exhs. G-I, K-M). Plaintiffs did not appeal any of the aforementioned rulings to the United States Supreme Court. (Doc. 14).

## II.     Defendant's Motion

Defendants move for summary judgment on Plaintiff's Complaint, alleging that the claims contained in Counts I-VI of the Complaint were asserted in Burt Development Co., et. al. v. Lee County, Georgia, Civil Action No. 2003 CV 430 GP, (hereinafter referred to as "Superior Court Action"), and dismissed by the trial court on September 23, 2004. (Docs. 11, 15). Plaintiffs disagree, asserting that Counts I-VI contained in the instant complaint are not the same as those dismissed in the State Court Action. (Doc. 18).

## III.    Analysis

### A.     Counts I, III, IV, V, and VI

In Count I of the Complaint, Plaintiffs allege that: 1) the rezoning of Plaintiffs' property in Lee County constituted "unreasonable, capricious, and arbitrary action in violation of the Fifth Amendment and the substantive due process requirements of the Fourteenth Amendment to the United States Constitution," and 2) the Lee County's zoning ordinance constitutes a taking pursuant to 42 U.S.C. § 1983 under the Fifth and Fourteenth Amendments to the United States Constitution. (Doc. 1). It is likewise undisputed that in the Complaint, Plaintiffs further allege that: 1) Defendant did not legally rezone Plaintiffs' property in Count III, 2) any rezoning of Plaintiffs' property in 1996 violated the United States Constitution in Count IV, 3) Plaintiffs never received notice that their property was subject to rezoning, thereby denying them Fifth and Fourteenth Amendment due process in Count V, and 4) O.C.G.A. § 36-66-4(a) and corresponding zoning ordinances of Defendant violate due process and deny equal protection as provided under the Fourteenth Amendment in Count VI. *Id*. Defendant alleges that these claims were included in Plaintiffs' Superior Court complaint. (Docs. 11, 15). Plaintiffs do not dispute

that the above claims were included in his state court complaint, but rather maintains that for various reasons the state trial court erroneously denied the same. (Doc. 18; *see also* Doc. 14, Exh. A).

Defendant asserts that Plaintiff's claim necessarily calls for the review of the merits of the Superior Court judgment and his state appeals. Under the Rooker-Feldman preclusion doctrine, "which bars a losing party in state court from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights," such a review may be undertaken only in the United States Supreme Court. *See* Johnson v. DeGrandy, 512 U.S. 997, 1005-06 (1994) (citing Dist. of Columbia Ct. of App. v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923)); *see also* 28 U.S.C. § 1257 (appeals from state court proceedings are limited to the United States Supreme Court); 28 U.S.C. § 1331 (federal district courts are courts of original, not appellate, jurisdiction). The Court agrees. Even if, as Plaintiffs allege, the state courts' judgments are based on erroneous findings of constitutional or federal law, this Court is precluded from reviewing the same.[2] *See, e.g.*, Rogers-Fink v. Cortland County Dept. of Soc. Serv., 855 F.Supp. 45 (N.D.N.Y 1994).

**B.   Count II**

Plaintiffs dispute Defendant's assertion that Count II of this Complaint, in which they contend that Plaintiffs are entitled to damages pursuant to Section 1983 for the alleged invalid exercise of police power by Defendants in rezoning Plaintiffs' property, was alleged in the

---

[2] Notably, Plaintiffs appear to assert that they did not have an opportunity to litigate their federal takings claims in the Superior Court, and for that reason, the Rooker-Feldman doctrine cannot apply in this case. (Doc. 17). The Court disagrees. Here, as in Fields v. Sarasota Manatee Airport Auth., 953 F.2d 1299, 1306 (11th Cir. 1992), Plaintiffs allege a federal takings claim in a district court although they alleged the same in a state court. Furthermore, Plaintiffs chose to litigate their claims in the Superior Court and voluntarily raised their federal claims without reserving said claims for adjudication by a federal court. As Defendant correctly points out, Plaintiff failed to so reserve their federal claims and presented the same concurrently with their state law claims at every stage of litigation. Therefore, the Court finds that Plaintiffs indeed had and took the opportunity to litigate their federal claims in the Superior Court, and furthermore that the Superior Court and Georgia Supreme Court adjudicated the same. Accordingly, Rooker-Feldman analysis is applcable in this case.

Superior Court Action. (Docs. 17, 18).   Upon review of both the Superior Court complaint and the Complaint in this case, the Court finds that Plaintiffs indeed asserted throughout the Superior Court complaint, the claim referenced herein as part of Count II. (*Compare* Docs. 1; Doc. 14, Exh. A).   Even if, *arguendo*, it could be found that Plaintiffs assert the subject claim for the first time in this action, the Court finds that such a claim is "inextricably intertwined" with the claims asserted in Superior Court.   *See* Feldman, 460 U.S. at 483, n. 16.   To be specific, it is found that Plaintiffs' claim challenging the rezoning at issue as an invalid exercise of Defendant's police power is inextricably intertwined with Plaintiffs' assertions that the zoning ordinances and the procedures made pursuant thereto effect unlawful takings in violation of Plaintiffs' rights to procedural and substantive due process and equal protection.   Having so found, the Court must necessarily apply the Rooker-Feldman preclusion doctrine to these claims, and decline to review the same. Powell v. Powell, 80 F.3d 464, 466 (11th Cir. 1996) (citing Feldman, 460 U.S. at 483) (the Rooker-Feldman doctrine applies both to claims actually raised in state court and to those not raised, but which are "inextricably intertwined" with the state court judgment).

    **C.**    **Count VII**

In Count VII of the Complaint, Plaintiffs allege that they were "denied their basic and inherent right to appeal to an appellate court" because their attempted discretionary and direct appeals to the Georgia Supreme Court were allegedly "denied without consideration of the case or its merits." (Docs. 1, 18).   Plaintiffs contend that this constitutes a denial of procedural due process under the United States and Georgia Constitutions. (Doc. 18).   A review of Plaintiffs' Count VII claims unmistakably requires the Court to review the merits of the judgments rendered in the Superior Court and presented to the Georgia Supreme Court for review.   In such a situation, "the district court is in essence being called upon to review the state-court decision. This the district court may not do." Feldman, 460 U.S. at 483, n. 16.   As Justice Marshall suggested in Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 23 (1987) (Marshall, J, concurring), "[w]here federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment."   The Court, therefore, declines to review the claims

contained in Count VII.

### D. Plaintiff's "Amended Complaint" and "Count VIII"

On October 7, 2005, Plaintiffs filed a document entitled "Amended Complaint" without leave of Court or the written consent of Defendant as required by Fed. R. Civ. P. 15(a), when, as here, Defendant has previously served a responsive pleading. (Doc. 19). Notably, Plaintiffs filed their "Amended Complaint" concurrently with the filing of their response brief to Defendant's Motion for Summary Judgment, which had previously been filed based on the Complaint as it existed before said filing. (*See* Docs. 11, 17, 19). While "leave shall be freely given [to amend the pleadings] when justice so requires," a party is nevertheless required to adhere to the Federal Rules of Civil Procedure and the Local Rules of this Court when seeking to amend. Accordingly, Plaintiff's "Amended Complaint," and the putative Count VIII contained therein, are **STRICKEN** as improperly filed and unauthorized or permitted by the Court. (Doc. 19).

### IV. Conclusion

Based on the foregoing, the Court declines to review the claims contained in Plaintiffs' Complaint pursuant to the Rooker-Feldman preclusion doctrine. Defendant's Motion for Summary Judgment (Doc. 11) is **GRANTED** accordingly. As previously noted, Plaintiffs' "Amended Complaint" (Doc. 19) is **STRICKEN** as improperly filed; and Plaintiffs' Request for Oral Argument (Doc. 20) is **DENIED**.

**SO ORDERED**, this   28th   day of September, 2006.

                                            /s/W. Louis Sands
                                        **THE HONORABLE W. LOUIS SANDS,**
                                        **UNITED STATES DISTRICT JUDGE**